IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PRO ACOUSTICS, LLP : CIVIL ACTION
      Plaintiff, :
 :
vs. : NO. 09-1076
 :
JUSTIN KORN :
      Defendant. :

DuBOIS, J.                                                                                       August 24, 2010

## M E M O R A N D U M

### I.    Introduction

Plaintiff Pro Acoustics, LLP ("Pro Acoustics"), initiated this action against defendant Justin Korn on March 10, 2009, alleging that defendant breached an indemnification agreement by seeking contribution from Emery Kertesz, his business partner in General Video Corporation ("GVC"), and Kertesz's wife. Presently before the Court is defendant's Motion for Summary Judgment, filed May 25, 2010. For the reasons stated below, the motion is denied.

### II.    Background

GVC obtained a line of credit from Lafayette Ambassador Bank in 1997, which was secured by personal guaranty agreements signed by both defendant and the Kerteszes. (Mot. 1-2, ¶ 2-3.) In relation to the personal guaranties, defendant and Kertesz also executed an indemnification agreement in the form of a letter dated November 12, 1998, which provides, "This letter will confirm our understanding that (1) [GVC] will indemnify you for all amount actually paid by you under the Guaranty, and (2) to the extent [GVC] shall fail to so indemnify you, Justin Korn will indemnify you under the Guaranty." (Id. at 2, ¶ 4.) Both Kertesz and

defendant signed the letter as officers of GVC, and defendant also signed in his individual capacity. (Id.)

When GVC failed to meet its obligation to Lafayette, the bank sought to enforce the guaranty against defendant and the Kerteszes. (Id.) Ultimately, defendant paid $170,132.36 to the bank; neither Kertesz nor his wife made any payments under their personal guaranty. (Id.) Thereafter, defendant sued the Kerteszes in a separate legal action, seeking contribution based on their status as co-guarantors of GVC's debt. (Id. at 3, ¶ 6.) In that case, Judge Katz granted the Kerteszes' motion for summary judgment on defendant's claim for contribution.[1] Korn v. Kertsez, No. 06-5340, slip op. (E.D. Pa. Dec. 20, 2007).

Pro Acoustics, Kertesz's employer, paid the legal fees to the law firm that handled the defense of the case, which amounted to approximately $80,000. (Mot. 4, ¶ 2.) Those are the legal fees Pro Acoustics seeks to recover in this case.

On February 29, 2008, Kertesz and his wife assigned to Pro Acoustics

> all of Assignor's rights, title and interest, claims and/or causes of action, awards, judgments as they relate to Assignor's claims against Justin Korn arising from Civil Action No. 06-5340 in the United States District Court for the Eastern District of Pennsylvania and the letter of indemnity dated November 12, 1998 executed by Justin Korn, and any and all other agreements by Korn to indemnify Kertesz.

(Id. at 7, ¶ 12.) In November 2009, Kertesz signed a promissory note in the amount of $82,000 in favor of Pro Acoustics, payable in five installments. (Id. at 8, ¶ 16.)

---

[1] The Kerteszes also filed six counterclaims in that case, including a claim for indemnification for attorney's fees. (Mot. 3 ¶ 8.) Judge Katz ruled that claim was premature because the underlying litigation had not yet concluded. See Korn v. Kertsez, Civil Action No. 06-5340, slip op., at 7-8 (E.D. Pa. Jan. 30, 2008).

## III. Legal Standard

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). After this examination, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). There can be no genuine issue where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also In re IKON Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002) ("Only evidence sufficient to convince a reasonable factfinder to find all of the elements of the prima facie case merits consideration beyond the Rule 56 stage." (internal quotation marks omitted)). In order to be sufficient, the evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Where the evidence presented does not meet this threshold, "the plain language of Rule 56© mandates the entry of summary judgment." Celotex, 477 U.S. at 322.

## IV. Discussion

In his Motion for Summary Judgment, defendant argues that (1) Kertesz did not suffer a loss, so he has no right to recover under Pennsylvania law; and (2) the indemnification agreement is inapplicable to plaintiff's claim, as the agreement indemnifies Kertesz only for amounts paid to the bank on his personal guaranty. The Court rejects these arguments, and denies defendant's motion for the reasons set forth below.

### A. Defendant's Argument That Plaintiff's Claim Is Limited to Actual Loss Is Rejected

Defendant avers that "[t]he indemnity letter on which Pro Acoustics bases its claim states on its face that it is a promise of indemnity against loss, not a promise of indemnity against liability." (Mem. 13.) Under Pennsylvania law,

> "[w]here the indemnity is against liability, there is a right to recovery as soon as liability is incurred. Where it is against loss by reason of liability, there is no right of recovery until a loss occurs. Where the contract is strictly one of indemnity [i.e., indemnity against loss] the indemnitee cannot recover until he has suffered actual loss or damage. The mere incurring of liability gives him no such right . . . ."

Ins. Com'r of State of Connecticut v. Novotny, No. 07-262, 2009 U.S. Dist. LEXIS 49028, at *8-9 (W.D. Pa. June 11, 2009) (quoting Coleman v. City of Bradford, 204 A.2d 260, 261 (Pa. 1964)) (brackets in Novotny). Because the indemnity letter covers only "amounts actually paid by [Kertesz] under the Guaranty," defendant asserts that "[e]ven assuming . . . that the indemnity letter applies, Pro Acoustics' claim [] fails because Kertesz has not actually paid anything for the defense of the contribution case." (Mem. 13.)

Defendant avers that Kertesz did not suffer any loss under the indemnity agreement

because plaintiff – not Kertesz – paid the legal fees. This argument is rejected. Although he did not pay the fees himself, Kertesz signed a promissory note in favor of Pro Acoustics for the amount paid on his behalf. Thus, Kertesz suffered an actual loss. Any issues relating to the validity of the promissory note may be litigated at trial.

> **B. Defendant's Argument That the Indemnification Agreement Is Inapplicable to Plaintiff's Claim Is Rejected**

Defendant also argues that the indemnification agreement is inapplicable to the attorney's fees for which plaintiff seeks reimbursement, as the indemnity agreement covers only "amounts actually paid by [Kertesz] under the Guaranty" – and thus, costs incurred in the defense of the contribution case do not fall under the plain terms of the letter. (Mot. 13.) In response, plaintiff asks the Court to apply the doctrine of necessary implication to conclude that defendant's filing of the contribution case was a breach of the indemnification agreement and defendant's duty of good faith. (Pl.'s Mem. 6-9.) Plaintiff also contends that attorney's fees expended to defend the contribution case fall within the scope of the indemnification agreement. (Id. at 11.)

In Pennsylvania, there is no free-standing claim for breach of good faith. Rather, "'[i]n order to plead a cause of action for breach of the covenant of good faith, whether it is an express or implied covenant, a plaintiff must properly plead the elements of a claim of breach of contract.'" CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co., 645 F. Supp. 2d 354, 369 (E.D. Pa. 2009) (quoting Sheinman Provisions, Inc. v. Nat'l Deli LLC, 2008 U.S. Dist. LEXIS 54357, at *3 (E.D. Pa. July 15, 2008)). Under this standard, "'a plaintiff must allege facts to establish that a contract exists or existed, including its essential terms, that defendant failed to comply with the covenant of good faith and fair dealing by breaching a specific duty imposed by the contract

other than the covenant of good faith and fair dealing, and that resultant damages were incurred by plaintiff.'" Id.

In order to meet the standard for claiming a breach of good faith, plaintiff asks the Court to apply the doctrine of necessary implication and conclude that defendant breached the indemnification agreement by filing the suit for contribution.[2] The doctrine of necessary implication acts to "'imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract.'" Prudential Ins. Co. of Am. v. Prusky, 473 F. Supp. 2d 629, 639 (E.D. Pa. 2007) (quoting Frickert v. Deiter Bros. Fuel Co., 347 A.2d 701, 705 (Pa. 1975) (Pomeroy, J. concurring)). "This doctrine operates in the absence of an express contract provision when the parties did not anticipate or form an understanding on an issue." Id.

It is not clear from the indemnification agreement that the agreement precluded Korn from suing the Kerteszes for contribution, and that his doing so constituted a breach of contract. Thus, the Court concludes that the understanding of defendant and Kertesz as to the terms and scope of the indemnification agreement is a genuine issue of material fact, and prevents the Court from determining at this stage whether to apply the doctrine of necessary implication. As a result, defendant's Motion for Summary Judgment is denied.

---

[2] The Court notes that it is aware of no case in which a court has held that an indemnitor who seeks contribution from an indemnitee on matters covered by the indemnity agreement breaches an implied covenant not to sue. As the Court denies defendant's Motion for Summary Judgment on other grounds, and plaintiff does not make this argument in its response, the Court will not address this argument here.

Finally, defendant attempts to distinguish this case from <u>Boiler Engineering & Supply Co. v. General Controls, Inc.</u>, 277 A.2d 812 (Pa. 1971), to support his view that attorney's fees are not a loss, and thus are not recoverable by plaintiff in this action. Defendant argues that unlike <u>Boiler Engineering</u>, whose "import is limited subrogation rights among insurance firms," Pro Acoustics is not an insurer for Kertesz, and rather, "offered to pay Kerteszs' fees strictly as a volunteer." (Mot. 20.)

The Court rejects defendant's argument. <u>Boiler Engineering</u> states that "the nominal indemnitee may recover attorney's fees and costs along with the actual judgment from the indemnitor," and this principle is not limited to the insurance context. <u>Boiler Eng'g</u>, 277 A.2d at 814. Further, and in direct opposition to defendant's position, that court did not limit its holding to subrogation rights among insurers, but rather concluded that the presence of the boiler manufacturer's insurance company did not dictate a departure from the general rule. <u>See</u> <u>id.</u> ("[T]o mechanically invoke the principles of subrogation . . . ignores the economic realities of the situation and works an injustice."). Thus, if plaintiff has a right to recover from defendant under the indemnification agreement, plaintiff is not precluded from seeking attorney's fees paid in defense of the contribution case.

## V. Conclusion

For the reasons stated above, defendant's Motion for Summary Judgment is denied. An appropriate order follows.